**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose Ramon GARCIA, Edward Michael Powers, Defendants–Appellants.**

**Nos. 03–10067, 03–10071.**
**D.C. No. CR–00–00105–MJJ.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 2004.

Decided Oct. 29, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

2. *Id.* at 1185–86.

Jeff Cole, Hannah Horsley, Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

294

Dennis P. Riordan, San Francisco, CA, for Defendants–Appellants.

Before OAKES,* KLEINFELD, and CALLAHAN, Circuit Judges.

## MEMORANDUM**

Jose Garcia and Edward Michael Powers, both former prison guards at Pelican Bay State Prison, appeal their May 2002 convictions for conspiracy to violate prisoners' constitutional rights in violation of 18 U.S.C. § 241.

■ We hold there was no abuse of discretion in the pretrial disqualification of Powers's counsel. The attorney in question had represented numerous current or former Pelican Bay prison guards who testified before the federal grand jury, some of whom the government contemplated calling as witnesses. The situation presented a serious potential for conflict of interest. We further hold that the district court's *ex parte* hearing and acceptance of a sealed proffer did not deny Powers due process because he had notice of the hearing and proffer and was given the opportunity to present evidence and argument in opposition to disqualification.

■ The October 2 interview was properly admitted because Garcia voluntarily requested to meet with Agent Ortiz alone, the interview took place at a motel, three days after the administrative interroga-

tions, Garcia was specifically advised of his Miranda rights and waived them, and therefore he became an independent and legitimate source of the evidence.

■ Furthermore, Powers has not shown that the jury's consideration of the unredacted statement by Garcia in the October 2 interview was prejudicial error. We find that the independent evidence of the conspiracy renders the admission harmless. In his November 1995 interview with the FBI, Powers acknowledged meeting with Garcia and Branscum in his office and characterized Branscum as one of their best informants. Powers's state court testimony also established his involvement in cultivating Branscum as an informant.

■ We must also reject Garcia's claim that Powers's testimony on behalf of the prosecution at Garcia's state trial was the inadmissible fruit of the wrongful admission, at the state trial, of Garcia's compelled *Lybarger* statements.[1] This is not a question of the state having impelled *Garcia* to testify by virtue of using his compelled statements. Garcia cannot argue that the use of his statements was the "but-for" cause of Powers's testimony, because Powers, who testified for the state, did not testify "in order to overcome the impact of confessions illegally obtained." *Harrison v. United States*, 392 U.S. 219, 223, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968).

■ Finally, we find no error in the use of an uncharged overt act to satisfy the statute of limitations because 18 U.S.C. § 241 does not require proof of an overt

---

* The Honorable James L. Oakes, Senior Circuit Judge of the United States Court of Appeals for the Second Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See Lybarger v. City of Los Angeles,* 40 Cal.3d 822, 830, 221 Cal.Rptr. 529, 710 P.2d 329, 333 (1985) (public official may be compelled to give testimony but the Fifth Amendment precludes any use of that testimony against official in subsequent criminal proceedings).

act—the jury need only find an agreement within the limitations period. *See United States v. Skillman,* 922 F.2d 1370, 1373 n. 2, 1375–76 (9th Cir.1990). The jury instruction in this case went beyond the requirements of § 241 in requiring an act within the limitations period. We also hold that the district court did not clearly err in admitting a statement by inmate and co-conspirator Thomas Hampton to inmate Gene Ebright, which was corroborated, in any case, by Ebright's testimony that he had observed Powers exiting his cell and that moments later he discovered a knife under his pillow.

**AFFIRMED.**

---

* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.