# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 22-51003

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
March 20, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JEFFREY FAY PIKE,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CV-1226

_____

Before STEWART, CLEMENT, and HO, *Circuit Judges*.

PER CURIAM:*

Jeffrey F. Pike appeals the district court's decision disqualifying his attorney because the attorney previously represented a government inform-ant who was a potential witness in Pike's case. We affirm.

Pike was the president of the Bandidos Outlaws Motorcycle Club. He was charged with several counts of conspiracy under the Racketeer Influ-enced and Corrupt Organizations Act (RICO). *See United States v. Portillo*,

_____

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-51003

969 F.3d 144, 157–59 (5th Cir. 2020).  He retained Kent Schaffer to represent him.  But a district court disqualified Schaffer from representing Pike because the lawyer previously represented Bandidos members who were potential government witnesses.

We review the disqualification of counsel due to conflict of interest for abuse of discretion.  *See United States v. Sanchez Guerrero*, 546 F.3d 328, 332–33 (5th Cir. 2008).  We find no abuse of discretion here.

"The Sixth Amendment right to choose one's own counsel is circumscribed in several important respects."  *Wheat v. United States*, 486 U.S. 153, 159 (1988).  We "recognize a presumption in favor of [a defendant's] counsel of choice, but that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict."  *Id.* at 164.  "[T]he district court must be allowed substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses."  *Id.* at 163; *see also United States v. Gharbi*, 510 F.3d 550, 553 (5th Cir. 2007).

There is ample record evidence of a conflict to support the district court's decision to disqualify here.  Schaffer conceded that he previously represented Bandidos members, and that he reviewed all their case files.  Certified public records confirmed that Schaffer, and a member of his firm, represented the government's cooperating witnesses during the RICO conspiracy.

Nor did the district court violate Pike's due-process rights when it allowed the names of the government witnesses in question to be concealed

No. 22-51003

from the defense in these proceedings.[1]  We have long permitted the use of *in camera* proceedings to determine whether an informant's identity should be revealed.  *See United States v. De Los Santos*, 810 F.2d 1326, 1335 (5th Cir. 1987).  *See also United States v. Anderson*, 509 F.2d 724, 728–30 (9th Cir.) (finding no due process violation by an *in camera* hearing to determine whether to disclose the identity of the informant).  And we see no due-process violation where, as here, certified public records confirmed the conflict, and the defendant was given a hearing and the opportunity to present argument in opposition to disqualification.  *See United States v. Garcia*, 114 F. App'x 292, 294 (9th Cir. 2004).

We affirm.

---

[1] We review Pike's due-process claim de novo.  *See United States v. Burns*, 526 F.3d 852, 859 (5th Cir. 2008).